IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMANDA CHANDLER and ROBERT DURHAM, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM LLC, EBAY INC., TARGET AABC CORPORATION, WALMART INC., WAYFAIR INC., and ZINUS INC.,<br><br>Defendants. | CASE NO. 3:20-CV-265-RJD |

## PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE AN AMENDED CLASS ACTION COMPLAINT BY JUNE 8, 2020

Plaintiffs Amanda Chandler and Robert Durham ("Plaintiffs"), on behalf of themselves and all others similarly situated, hereby moves this Court, pursuant to Federal Rule of Civil Procedure 15 and Local Rule 15.1, for an order granting them leave to file an amended complaint by June 8, 2020 to dismiss as defendants, Defendants Amazon, eBay, Target, Walmart, and Wayfair ("Retailer Defendants"), and add additional class representatives. Should the Court grant Plaintiffs leave to file an amended class action complaint by June 8, 2020, Plaintiffs will refile their motion to amend at the time they submit their proposed amended class action complaint to her Honor's proposed documents e-mail box pursuant to Local Rule 15.1. Plaintiffs conferred with Zinus about their intention to file this Motion and Zinus consents provided Plaintiffs are not opposed to Zinus filing its response to Plaintiffs proposed amended class action complaint by July 8, 2020.

In further support of their Motion, Plaintiffs submit the following Brief:

## BRIEF IN SUPPORT

## BACKGROUND

This is a proposed national class action brought for owners and users of Zinus mattresses containing fiberglass ("Affected Mattress"). More specifically, Plaintiffs bring this lawsuit as a class action on behalf of all other persons similarly situated as members of the following proposed Classes: (I) The Nationwide Consumer Class; (II) The Nationwide Adult Personal Injury Class; (III) The Nationwide Minor Personal Injury Class; (IV) The Nationwide Personal Property Damage Class; and, (V) The Nationwide Real Estate Property Damage Class. *See* ECF #1, ¶¶ 46-49.

On April 16, 2020, the Court granted Plaintiffs leave to file an amended class action complaint that dismisses eBay, on or before May 15, 2020. *See* ECF #15. As will be discussed in further detail below, Plaintiffs seek additional time to file their amended class action complaint because they have received, and continue to receive, communications from potential class representatives from across the United States. This motion for leave for additional time to amend Plaintiffs' Complaint is being made to streamline the process by adding additional class representatives and dismissing the Retailer Defendants at the same time.

## SCOPE OF AMENDMENT

A.   **Adding Additional Class Representatives.**

As recently as May 14, 2020, potential class representatives from across the United States have contacted the undersigned. To date, individuals from New York, Maryland, Florida, Michigan, Illinois, Missouri, Texas, Wyoming, California, and Oregon have contacted the undersigned and shared strikingly similar stories: they purchased an Affected Mattress, the Affected Mattress released large amounts of glass fibers, the glass fibers caused significant injuries

and/or property damage. In their amended complaint, Plaintiffs intend to add additional class representatives to help demonstrate this action may be properly maintained on behalf of the Classes proposed above under Rule 23. With each additional class representative, Plaintiffs intend to allege each proposed class representative's experience with an Affected Mattress, including injuries, personal property damage, and real estate property damage.

**B.      Dismissing Retailer Defendants.**

Along with dismissing eBay as a defendant, Plaintiffs intend to dismiss all named Retailer Defendants.

## ARGUMENT

**A.      The Applicable Standard.**

The Federal Rules of Civil Procedure advise that the court should "freely give leave" to amend a complaint "when justice so requires." FED. R. CIV. P. 15(a)(2). A district court may deny leave for several reasons, including undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or futility of the amendment. *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004). "Delay, standing alone, may prove an insufficient ground to warrant denial of leave to amend the complaint; rather, the degree of prejudice to the opposing party is a significant factor in determining whether the lateness of the request ought to bar filing." *Park v. City of Chi.*, 297 F.3d 606, 612 (7th Cir. 2002) (quotations omitted); see also *Dubicz*, 377 F.3d at 792–93 (finding that delay was an insufficient reason to deny a motion for leave to amend, and noting "[d]elay must be coupled with some other reason. Typically, that reason, as the court determined it was in this case, is prejudice to the non-moving party.").

**B.     Leave is Warranted Here.**

Plaintiffs make this request in good faith and not for the purpose of delay. First, Plaintiffs actually seek to dismiss all Retailer Defendants from their Complaint which will no doubt narrow the issues in this case. Second, the scope of this case with respect to Zinus is seemingly widening on a weekly, if not daily basis. Granting Plaintiffs leave to file their amended class action complaint by June 8 will allow Plaintiffs time to thoroughly investigate the claims and injuries of each additional proposed class representative.

Additionally, Zinus clearly will not be prejudiced by Plaintiffs' proposed amendments. First, this case is in its very early stages. Zinus has not file its responsive pleading to Plaintiffs' Complaint. Allowing Plaintiffs time to amend for the above reasons will be an efficient use of Zinus' and the Court's time. Second, Zinus will not be prejudiced by Plaintiffs' adding potential class representatives from across the United States because the operative complaint put Zinus on notice of Plaintiffs' intention to pursue this matter as a nationwide class action. Plaintiffs specifically allege in their Complaint that "[u]pon information and belief, there are thousands of Affected Mattresses nationwide . . ..." *See* ECF #1, ¶ 53. Adding potential class representatives to their amended class action complaint further supports what Plaintiffs already allege in their Complaint. Therefore, the Court should grant Plaintiffs' Motion.

## CONCLUSION

For the foregoing reasons, Plaintiffs Amanda Chandler and Robert Durham respectfully request the Court grant their Motion for Leave to File an Amended Class Action Complaint by June 8, and grant such other and further relief as the Court deems just and proper.

Dated: May 15, 2020                              Respectfully submitted,

                                                 */s/ Christopher Cueto*
                                                 Christopher Cueto, IL #6192248

James E. Radcliffe, IL #6330315
LAW OFFICE OF CHRISTOPHER CUETO, LTD.
7110 West Main Street
Belleville, IL 62223
ccueto@cuetolaw.com

Lloyd M. Cueto, IL #6292629
Law Office of Lloyd M. Cueto, P.C.
7110 West Main Street
Belleville, IL 62223
cuetolm@cuetolaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

Pursuant to Rule 7.1 of the Local Rules of the Southern District of Illinois, I certify that on May 15, 2020 a true and correct copy of the foregoing has been properly served upon counsel of record as required by the Federal Rules of Civil Procedure via the ECF system.

/s/ Christopher Cueto
