## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMANDA CHANDLER, *on her own behalf and on behalf of her minor children*, D.D., B.D., and J.F.; ROBERT DURHAM, *on his own behalf and on behalf of his minor children*, D.D., B.D., and J.F.; KRISTEL BAFFA, *on behalf of herself and her minor children*, A.B. and E.B.; CODY COON, *on behalf of himself and his minor child* B.M.; TERRY HAYDEN; CHRISTOPHER JOHNSON; KRISTY JOHNSON; LESTER JORDAN, *on behalf of himself and on behalf of his deceased wife*, ANGELA ODELL; *collectively on behalf of themselves and all other similarly situated;* | CASE NO.: 3:20-CV-265-DWD **JURY TRIAL DEMANDED** |
| Plaintiffs, | |
| v. | |
| ZINUS INC.; | |
| Defendant. | |

## DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFFS' THIRD AMENDED CLASS ACTION COMPLAINT

NOW COMES Zinus, Inc. ("Zinus"),[1] by and through counsel, and files this Answer to Plaintiffs' Third Amended Class Action Complaint ("TAC") as follows:

1.      Zinus admits that the above-captioned action purports to be a consumer class action but denies that any class can be certified in this case.  Zinus is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 of the TAC and therefore denies them.

---

[1] The complaint names "Zinus Inc."; however, the accurate name of the entity that was served with Plaintiffs' original complaint and is a defendant in this case is "Zinus, Inc."  *See* Doc. 34 (Zinus corporate disclosure statement).

2.      Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the TAC and therefore denies them.

3.      Zinus admits that it distributes high-quality, safe, and affordable mattresses, which have been designed and tested consistent with Zinus's commitment to the safety and quality of its products.  Zinus admits that it has sold mattresses to third-party retailers and distributors, including Amazon, Walmart, and Target, who in turn sell those mattresses to others in the United States. Zinus admits that mattresses it has sold contain foam and have been shipped in boxes.  Zinus denies the remaining allegations in paragraph 3 of the TAC.

4.      Zinus admits that mattresses it has sold contain a fire-retardant barrier comprised of continuous filament fiberglass and meet the performance requirements of the Open Flame Resistance Standards in 16 C.F.R. Part 1633.  Zinus admits that, in promulgating Part 1633, the U.S. Consumer Product Safety Commission ("CPSC") acknowledged fiberglass as a useful and safe material for satisfying its fire resistance standards; the CPSC has stated that type of fiberglass used in flame-retardant barriers is "not considered hazardous."  71 Fed. Reg. 13,472, 13,483, 13,484 (Mar. 15, 2006).   Zinus denies the remaining allegations in paragraph 4 of the TAC.

5.      Zinus admits that mattresses it has sold have an outer cover secured with zippers with anti-unzipping features.  Zinus denies the remaining allegations in paragraph 5 of the TAC.

6.      Zinus denies the allegations in paragraph 6 of the TAC.

7.      Zinus denies the allegations in paragraph 7 of the TAC.

8.      Zinus denies the allegations in paragraph 8 of the TAC.

9.      Zinus admits that it has sold mattresses to third-party retailers and distributors who, in turn, sell those mattresses in retail stores in the United States.  Zinus is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 of the TAC and therefore denies them.

10.      Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the TAC and therefore denies them.[2]

11.      Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the TAC and therefore denies them.

12.      Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the TAC and therefore denies them.

13.      Zinus admits that certain consumers have reported that the fire barrier that encases the mattress foam core has emitted fiberglass filaments, typically when the outer mattress cover is removed, contrary to instructed use, or punctured.  Zinus denies the remaining allegations in paragraph 13 of the TAC.

14.      Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the TAC and therefore denies them.

15.      Zinus admits that the CPSC incident report numbered 20150617-B7691-1491420 contains a Report Summary containing the quoted statement in paragraph 15 of the TAC. However, Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the TAC and therefore denies them.

16.      Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the TAC and therefore denies them.

---

[2] The TAC contains footnotes "despite the Federal Rules of Civil Procedure requirement that all averments of claim or defense shall be made in numbered paragraphs." *Colite Int'l Inc. v. Robert L. Lipton, Inc.*, No. 05-60046-CIV, 2006 WL 8431505, at *5 n.10 (S.D. Fla. Jan. 20, 2006) (citing Fed. R. Civ. P. 10(b)).  "[F]ootnotes do not comply with the requirements of Rule 10(b)," and, thus, no response is required to any footnotes in the TAC.  *Id.*  Should a response be required, Zinus denies all footnotes in the TAC.

17.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the TAC and therefore denies them.

18.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the TAC and therefore denies them.

19.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the TAC and therefore denies them.

20.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the TAC and therefore denies them.

21.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the TAC and therefore denies them.

22.     Zinus admits that it has sold mattresses available on Amazon's website.  Zinus admits that mattresses it has sold contain a fire-retardant barrier comprised of continuous filament fiberglass.  Zinus is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 of the TAC and therefore denies them.

23.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the TAC and therefore denies them.

24.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the TAC and therefore denies them.

25.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the TAC and therefore denies them.

26.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the TAC and therefore denies them.

27.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the TAC and therefore denies them.

28.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the TAC and therefore denies them.

29.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the TAC and therefore denies them.

30.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the TAC and therefore denies them.

31.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the TAC and therefore denies them.

32.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the TAC and therefore denies them.

33.      Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the TAC and therefore denies them.

34.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the TAC and therefore denies them.

35.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the TAC and therefore denies them.

36.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the TAC and therefore denies them.

37.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the TAC and therefore denies them.

38.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the TAC and therefore denies them.

39.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the TAC and therefore denies them.

40.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the TAC and therefore denies them.

41.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the TAC and therefore denies them.

42.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the TAC and therefore denies them.

43.     Zinus admits that the above-captioned action purports to be a consumer class action but denies that any class can be certified in this case.  Zinus is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43 of the TAC and therefore denies them.

44.     Zinus admits that the above-captioned action purports to be a consumer class action but Zinus denies that any class can be certified in this case.  Zinus is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 44 of the TAC and therefore denies them.

45.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the TAC and therefore denies them.

46.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the TAC and therefore denies them.

47.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the TAC and therefore denies them.

48.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the TAC and therefore denies them.

49.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the TAC and therefore denies them.

50.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the TAC and therefore denies them.

51.     Zinus admits that it is a California corporation with its principal place of business in Tracy, California.  Zinus admits that it distributes high-quality, safe, and affordable mattresses, which have been designed and tested consistent with Zinus's commitment to the safety and quality of its products.  Zinus admits that it has sold mattresses throughout the United States and has provided customer support.  Zinus denies the remaining allegations in paragraph 51 of the TAC.

52.     Zinus admits that it is not a citizen of the State of Illinois.  Zinus denies that the Court has subject-matter jurisdiction pursuant to the Magnuson-Moss Act.  Zinus is without sufficient knowledge and information regarding the named Plaintiffs to form a belief as to the first, second, and third sentences of paragraph 52 of the TAC and therefore denies them.  Zinus denies the remaining allegations in paragraph 52 of the TAC.

53.     Zinus admits that mattresses distributed, marketed, and sold by Zinus have been purchased by customers in Illinois.  The portions of paragraph 53 that relate to "sufficient minimum contacts," intentional availment of the markets within Illinois, and whether the exercise of jurisdiction by this Court is proper constitute legal conclusions to which no response is required. Zinus denies the remaining allegations in paragraph 53 of the TAC.

54.     Zinus admits that venue is proper in this District.  Zinus denies the remaining allegations in paragraph 54 of the TAC.

55.     The allegations in paragraph 55 of the TAC are a characterization of Plaintiffs' lawsuit to which no response is required.  To the extent the allegations in paragraph 55 require a response, Zinus denies them.

56.     Zinus admits that mattresses it has sold contain a fire-retardant barrier comprised of continuous filament fiberglass.  Zinus admits those mattresses meet the performance requirements of the Open Flame Resistance Standards in 16 C.F.R. Part 1633.  Zinus admits that, in promulgating Part 1633, the CPSC acknowledged fiberglass as a useful and safe material for satisfying its fire resistance standards and has stated that type of fiberglass used in flame-retardant barriers is "not considered hazardous."  71 Fed. Reg. 13,472, 13,483, 13,484 (Mar. 15, 2006).  The Court has dismissed the final sentence in this allegation ("Once the continuous glass fiber filaments in the FR Sleeve break the Affected Mattresses do not meet the Open Flame Standards of § 1633.") in its ruling on Zinus's motion to dismiss at Doc. 123, which order Zinus incorporates by reference here.  To the extent any other response is required, Zinus denies this allegation in paragraph 56 of the TAC.  Zinus denies the remaining allegations in paragraph 56 of the TAC.

57.     Zinus admits that a minuscule fraction of all Zinus mattress owners have reported that the fire barrier that encases the mattress foam core has emitted fiberglass filaments, typically when the outer mattress cover is removed, contrary to instructed use, or punctured.  Zinus denies the remaining allegations in paragraph 57 of the TAC.

58.     Zinus admits that mattresses it has sold contain some or all of the following features: (1) a tag that says "DO NOT REMOVE COVER;" (2) a removed zipper pull tab on the mattress cover; (3) a stitched-over slider body at the end of the closed zipper; and/or (4) a tag

disclosing that a specified percentage of the contents of the mattress consisted of glass fiber. Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in the final sentence of paragraph 58 of the TAC and therefore denies them. Zinus denies the remaining allegations in paragraph 58 of the TAC.

59.     Zinus denies the allegations in paragraph 59 of the TAC.

60.     Zinus admits that mattresses it has sold contain some or all of the following features: (1) a tag that says "DO NOT REMOVE COVER;" (2) a removed zipper pull tab on the mattress cover; (3) a stitched-over slider body at the end of the closed zipper; and/or (4) a tag disclosing that a specified percentage of the contents of the mattress consisted of glass fiber. Zinus denies the remaining allegations in paragraph 60 of the TAC.

61.     Zinus denies the allegations in paragraph 61 of the TAC.

62.     Zinus admits that the overwhelming scientific consensus is that exposure to glass fibers poses no risk of chronic or serious adverse health effects. Zinus denies the remaining allegations in paragraph 62 of the TAC.

63.     Zinus denies the allegations in paragraph 63 of the TAC.

64.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the TAC and therefore denies them.

65.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the TAC and therefore denies them.

66.     Zinus admits that the mattress tag referenced in paragraph 66 of the TAC did not expressly reference "serious injuries and/or property damage" or "not to stand, sit, lay, or jump" on the mattress. Zinus is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 66 of the TAC and therefore denies them.

67.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the TAC and therefore denies them.

68.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the TAC and therefore denies them.

69.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the TAC and therefore denies them.

70.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the TAC and therefore denies them.

71.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the TAC and therefore denies them.

72.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the TAC and therefore denies them.

73.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the TAC and therefore denies them.

74.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the TAC and therefore denies them.

75.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the TAC and therefore denies them.

76.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the TAC and therefore denies them.

77.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the TAC and therefore denies them.

78.     Zinus denies that mattresses it has sold have an "easily accessible zipper."  Zinus is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 78 of the TAC and therefore denies them.

79.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the TAC and therefore denies them.

80.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the TAC and therefore denies them.

81.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the TAC and therefore denies them.

82.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the TAC and therefore denies them.

83.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the TAC and therefore denies them.

84.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the TAC and therefore denies them.

85.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the TAC and therefore denies them.

86.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the TAC and therefore denies them.

87.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the TAC and therefore denies them.

88.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the TAC and therefore denies them.

89.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 of the TAC and therefore denies them.

90.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 of the TAC and therefore denies them.

91.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 of the TAC and therefore denies them.

92.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 of the TAC and therefore denies them.

93.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 of the TAC and therefore denies them.

94.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the TAC and therefore denies them.

95.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 of the TAC and therefore denies them.

96.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 of the TAC and therefore denies them.

97.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 of the TAC and therefore denies them.

98.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 of the TAC and therefore denies them.

99.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding specific symptoms in paragraph 99 of the TAC and therefore denies them.  Zinus admits that, in promulgating Part 1633, the CPSC acknowledged fiberglass as a useful

12

and safe material for satisfying its fire resistance standards; the CPSC has stated that type of fiberglass used in flame-retardant barriers is "not considered hazardous." 71 Fed. Reg. 13,472, 13,483, 13,484 (Mar. 15, 2006). Zinus denies the remaining allegations in paragraph 99 of the TAC.

100.    Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning specific events in paragraph 100 of the TAC and therefore denies them. Zinus admits that, in promulgating Part 1633, the CPSC acknowledged fiberglass as a useful and safe material for satisfying its fire resistance standards; the CPSC has stated that type of fiberglass used in flame-retardant barriers is "not considered hazardous." 71 Fed. Reg. 13,472, 13,483, 13,484 (Mar. 15, 2006). Zinus denies the remaining allegations in paragraph 100 of the TAC.

101.    Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 of the TAC and therefore denies them.

102.    Zinus admits it received an incident report on or about July 22, 2015 from the CPSC. Zinus denies the remaining allegations in paragraph 102 of the TAC.

103.    Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 of the TAC and therefore denies them.

104.    Zinus admits that its website, within the "FAQ topics" section, states the following language, among other language: "Our mattresses are self-contained wonder delivery systems! Removing the mattress cover could jeopardize the system. The mattress cover isn't washable, and removing it could inhibit the fire safety barrier, so please always leave the cover on." Except as expressly admitted, Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 of the TAC and therefore denies them.

105.     Zinus denies the allegations in paragraph 105 of the TAC.

106.     Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning specific events in paragraph 106 of the TAC and therefore denies them.  Zinus admits that, in promulgating Part 1633, the CPSC acknowledged fiberglass as a useful and safe material for satisfying its fire resistance standards; the CPSC has stated that type of fiberglass used in flame-retardant barriers is "not considered hazardous."  71 Fed. Reg. 13,472, 13,483, 13,484 (Mar. 15, 2006).  Zinus denies the remaining allegations in paragraph 106 of the TAC.

107.     Zinus denies the allegations in paragraph 107 of the TAC.

108.     Zinus admits that the above-captioned action purports to be a consumer class action but denies that any class can be certified in this case.  Zinus denies the remaining allegations in paragraph 108 of the TAC.

109.     Zinus admits that the above-captioned action purports to be a consumer class action but denies that any class can be certified in this case.  Zinus denies the remaining allegations in paragraph 109 of the TAC.

110.     Zinus admits that the above-captioned action purports to be a consumer class action but denies that any class can be certified in this case.  Zinus denies the remaining allegations in paragraph 110 of the TAC.

111.     Zinus admits that the above-captioned action purports to be a consumer class action but denies that any class can be certified in this case.  Zinus denies the remaining allegations in paragraph 111 of the TAC.

112.    Zinus admits that the above-captioned action purports to be a consumer class action but denies that any class can be certified in this case.  Zinus denies the remaining allegations in paragraph 112 of the TAC.

113.    Zinus admits that the above-captioned action purports to be a consumer class action but denies that any class can be certified in this case.  Zinus denies the remaining allegations in paragraph 113 of the TAC.

114.    Zinus admits that the above-captioned action purports to be a consumer class action but denies that any class can be certified in this case.  Zinus denies the remaining allegations in paragraph 114 of the TAC.

115.    The allegations in paragraph 115 of the TAC are definitions of terms to which no response is required.  To the extent the allegations in paragraph 115 require a response, Zinus denies them.

116.    Zinus admits that the above-captioned action purports to be a consumer class action but denies that any class can be certified in this case.  Zinus denies the remaining allegations in paragraph 116 of the TAC.

117.    Zinus admits that the above-captioned action purports to be a consumer class action but denies that any class can be certified in this case.  Zinus denies the remaining allegations in paragraph 117 of the TAC.

118.    Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the number of clients counsel represents in paragraph 118 of the TAC and therefore denies them.  Zinus admits that it has sold thousands of mattresses nationwide.  The allegations that "[i]ndividual joinder of all Class members is impractical" is a legal conclusion to which no response is required.  To the extent a response is required, Zinus denies that "[i]ndividual

joinder of all Class members is impractical."   Except as expressly admitted, Zinus denies the allegations in paragraph 118 of the TAC.

119.   Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in paragraph 119 of the TAC regarding Plaintiffs' intent and therefore denies them.  Zinus denies the remaining allegations in paragraph 119 of the TAC.

120.   Zinus denies the allegations in paragraph 120 of the TAC.

121.   Zinus denies the allegations in paragraph 121 of the TAC.

122.   Zinus denies the allegations in paragraph 122 of the TAC.

123.   Zinus denies the allegations in paragraph 123 of the TAC.

124.   Zinus denies the allegations in paragraph 124 of the TAC.

125.   Zinus denies the allegations in paragraph 125 of the TAC.

126.   Zinus denies the allegations in paragraph 126 of the TAC.

127.   Zinus admits that the above-captioned action purports to be a consumer class action but denies that any class can be certified in this case.  Zinus denies the remaining allegations in paragraph 127 of the TAC.

128.   Zinus admits that it has sold mattresses to third-party retailers and distributors, who in turn have sold mattresses to consumers, and that it has sold mattresses directly to consumers. Zinus denies the remaining allegations in paragraph 128 of the TAC.

129.   Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiffs' actions in paragraph 129 of the TAC and therefore denies them.  Zinus denies the remaining allegations in paragraph 129 of the TAC.

130.    Zinus admits that it has sold mattresses to third-party retailers and distributors, who in turn have sold mattresses to consumers, and that it has sold mattresses directly to consumers. Zinus denies the remaining allegations in paragraph 130 of the TAC.

131.    The allegations in paragraph 131 of the TAC are statements of law to which no response is required.  To the extent the allegations in paragraph 131 of the TAC require a response, Zinus denies them.

132.    Zinus denies the allegations in paragraph 132 of the TAC.

133.    Zinus denies the allegations in paragraph 133 of the TAC.

134.    Zinus denies the allegations in paragraph 134 of the TAC.

135.    Zinus denies the allegations in paragraph 135 of the TAC.

136.    Zinus denies the allegations in paragraph 136 of the TAC.

137.    Zinus denies the allegations in paragraph 137 of the TAC.

138.    Zinus denies the allegations in paragraph 138 of the TAC.

139.    Zinus denies the allegations in paragraph 139 of the TAC.

140.    Zinus denies the allegations in paragraph 140 of the TAC.

141.    Zinus admits that the above-captioned action purports to be a consumer class action but denies that any class can be certified in this case.  Zinus denies the remaining allegations in paragraph 141 of the TAC.

142.     Zinus denies the allegations in paragraph 142 of the TAC.

143.    Zinus denies the allegations in paragraph 143 of the TAC.

144.    Zinus denies the allegations in paragraph 144 of the TAC.

145.    Zinus denies the allegations in paragraph 145 of the TAC.

146.    Zinus denies the allegations in paragraph 146 of the TAC.

147.    The allegation in paragraph 147 of the TAC is a statement of law to which no response is required.  To the extent a response is required, Zinus denies the allegations in paragraph 147 of the TAC.

148.    Zinus denies the allegations in paragraph 148 of the TAC.

149.    Zinus denies the allegations in paragraph 149 of the TAC.

150.    Zinus denies the allegations in paragraph 150 of the TAC.

151.    Zinus denies the allegations in paragraph 151 of the TAC.

152.    Zinus admits that the above-captioned action purports to be a consumer class action but denies that any class can be certified in this case.  Zinus denies the remaining allegations in paragraph 152 of the TAC.

153.    Zinus denies the allegations in paragraph 153 of the TAC.

154.    Zinus denies the allegations in paragraph 154 of the TAC.

155.    Zinus denies the allegations in paragraph 155 of the TAC.

156.    The Court has dismissed the allegation that "Once the continuous fibers of the FR Sleeve break then the FR Sleeves lose their fire-retardant capabilities required by 16 C.F.R. § 1633" in the second sentence of paragraph 156 in its ruling on Zinus's motion to dismiss at Doc. 123, which order Zinus incorporates by reference here.  To the extent any other response is required, Zinus denies this allegation in paragraph 156 of the TAC.  Zinus denies the remaining allegations in paragraph 156 of the TAC.

157.    Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 157 of the TAC and therefore denies them. Zinus denies the remaining allegations in paragraph 157 of the TAC.

158.    Zinus denies the allegations in paragraph 158 of the TAC.

159. Zinus denies the allegations in paragraph 159 of the TAC.

160. Zinus denies the allegations in paragraph 160 of the TAC.

161. Zinus denies the allegations in paragraph 161 of the TAC.

162. Zinus denies the allegations in paragraph 162 of the TAC.

163. Zinus admits that the above-captioned action purports to be a consumer class action but denies that any class can be certified in this case. Zinus denies the remaining allegations in paragraph 163 of the TAC.

164. The allegations in paragraph 164 of the TAC are statements of law to which no response is required. To the extent the allegations in paragraph 164 of the TAC require a response, Zinus denies them.

165. Zinus denies the allegations in paragraph 165 of the TAC.

166. Zinus denies the allegations in paragraph 166 of the TAC.

167. Zinus denies the allegations in paragraph 167 of the TAC.

168. Zinus denies the allegations in paragraph 168 of the TAC.

169. Zinus denies the allegations in paragraph 169 of the TAC.

170. Zinus denies the allegations in paragraph 170 of the TAC.

171. Zinus denies the allegations in paragraph 171 of the TAC.

172. Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172 of the TAC and therefore denies them.

173. The allegations in paragraph 173 of the TAC are statements of law to which no response is required. To the extent the allegations in paragraph 173 of the TAC require a response, Zinus denies them.

174. Zinus denies the allegations in paragraph 174 of the TAC.

175.    Zinus denies the allegations in paragraph 175 of the TAC.

176.    Zinus denies the allegations in paragraph 176 of the TAC.

177.    Zinus denies the allegations in paragraph 177 of the TAC.

178.    Zinus denies the allegations in paragraph 178 of the TAC.

179.    Zinus is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 179 of the TAC and therefore denies them.  Zinus denies the remaining allegations in paragraph 179 of the TAC.

180.    Zinus denies the allegations in paragraph 180 of the TAC.

181.    Zinus denies the allegations in paragraph 181 of the TAC.

182.    Zinus denies the allegations in paragraph 182 of the TAC.

183.    Zinus denies the allegations in paragraph 183 of the TAC.

184.    Zinus denies the allegations in paragraph 184 of the TAC.

185.    Zinus denies the allegations in paragraph 185 of the TAC.

186.    Zinus denies the allegations in paragraph 186 of the TAC.

187.    Zinus denies the allegations in paragraph 187 of the TAC.

188.    Zinus denies the allegations in paragraph 188 of the TAC.

189.    Zinus denies the allegations in paragraph 189 of the TAC.

190.    The allegations in paragraph 190 of the TAC are a characterization of Plaintiffs' lawsuit to which no response is required.  To the extent the allegations in paragraph 190 require a response, Zinus denies them.

191.    Zinus denies the allegations in paragraph 191 of the TAC.

192.    Zinus denies the allegations in paragraph 192 of the TAC.

193.    Zinus denies the allegations in paragraph 193 of the TAC.

194.    Zinus denies the allegations in paragraph 194 of the TAC.

195.    Zinus denies the allegations in paragraph 195 of the TAC.

196.    Zinus denies the allegations in paragraph 196 of the TAC.

197.    Zinus denies the allegations in paragraph 197 of the TAC.

198.    Zinus denies the allegations in paragraph 198 of the TAC.

199.    Zinus denies the allegations in paragraph 199 of the TAC.

200.    Zinus denies the allegations in paragraph 200 of the TAC.

201.    Zinus denies the allegations in paragraph 201 of the TAC.

202.    Zinus admits that the above-captioned action purports to be a consumer class action but denies that any class can be certified in this case.  Zinus denies the remaining allegations in paragraph 202 of the TAC.

203.    Zinus denies the allegations in paragraph 203 of the TAC.

204.    Zinus admits that the above-captioned action purports to be a consumer class action but denies that any class can be certified in this case.  Zinus denies the remaining allegations in paragraph 204 of the TAC.

205.    Zinus denies the allegations in paragraph 205 of the TAC.

206.    Zinus denies the allegations in paragraph 206 of the TAC.

207.    Zinus denies the allegations in paragraph 207 of the TAC.

208.    Zinus denies the allegations in paragraph 208 of the TAC.

209.    Zinus denies the allegations in paragraph 209 of the TAC.

210.    Zinus admits that the above-captioned action purports to be a consumer class action but denies that any class can be certified in this case.   Zinus denies the remaining allegations in paragraph 210 of the TAC.

211.    The allegations in paragraph 211 of the TAC are statements of law to which no response is required.  To the extent the allegations in paragraph 211 of the TAC require a response, Zinus denies them.

212.    The allegations in paragraph 212 of the TAC are statements of law to which no response is required.   To the extent the allegations in paragraph 212 of the TAC require a response, Zinus denies them.

213.    Zinus denies the allegations in paragraph 213 of the TAC.

214.    Zinus denies the allegations in paragraph 214 of the TAC.

215.    Zinus denies the allegations in paragraph 215 of the TAC.

216.    Zinus denies the allegations in paragraph 216 of the TAC.

217.    Zinus denies the allegations in paragraph 217 of the TAC.

218.    Zinus denies the allegations in paragraph 218 of the TAC.

219.    Zinus denies the allegations in paragraph 219 of the TAC.

220.    Zinus admits that the above-captioned action purports to be a consumer class action that seeks equitable and/or injunctive relief but denies that any class can be certified in this case. Zinus denies the remaining allegations in paragraph 220 of the TAC.

221.    Zinus denies the allegations in paragraph 221 of the TAC.

222.    Zinus denies the allegations in the Prayer for Relief within the TAC.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would not otherwise bear, Zinus asserts the following affirmative or other defenses.  Zinus reserves the right to assert further defenses as the case proceeds.

Zinus has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely on any other applicable defenses as may become available or apparent during discovery proceedings, or upon certification of one or more classes in this case.

### First Affirmative Defense
### (Failure to State a Claim)

The Complaint and each cause of action fail to state facts sufficient to constitute a cause of action against Defendant.

### Second Affirmative Defense
### (Intervening/Superseding Cause)

Some or all claims and alleged damages in the TAC are barred or diminished by virtue of intervening, superseding causes or circumstances, and the absence of proximate cause or nexus between the alleged incident and Plaintiffs' claimed injuries or damages.

### Third Affirmative Defense
### (Contributory Negligence of Plaintiffs)

Some or all claims in the TAC are barred due to Plaintiffs' failure to exercise reasonable or ordinary care for their own safety while using the mattress that is the subject of this action. As a result, the injuries and damages allegedly sustained by Plaintiffs were proximately caused or contributed to by Plaintiffs' own contributory negligence.

### Fourth Affirmative Defense
### (Comparative Negligence of Plaintiffs)

Some or all claims in the TAC are barred due to Plaintiffs' failure to exercise reasonable or ordinary care for their own safety while using the mattress that is the subject of this action. As a result, the injuries and damages allegedly sustained by Plaintiffs were proximately caused or contributed to by Plaintiffs' own comparative negligence.

**Fifth Affirmative Defense**
**(Comparative Fault of Non-Parties)**

Some or all claims in the TAC are barred by the comparative fault of persons or entities who are not parties to this action but whose failure to exercise reasonable or ordinary care is the proximate cause of or contributed to Plaintiffs' injuries and damages.

**Sixth Affirmative Defense**
**(Misuse of Product)**

Some or all claims in the TAC are barred due to Plaintiffs' misuse of the mattress, including failure to follow instructions, and that misuse was not reasonably foreseeable to Defendant.

**Seventh Affirmative Defense**
**(Modification of Product)**

Some or all claims in the TAC are barred due to the modification of the product by Plaintiffs or another person in a manner that was not foreseeable to Defendant, such that, at the time of the incident alleged in Plaintiffs' complaint, the mattress was not in the same condition it was in when acquired. Any injuries and damages sustained by Plaintiffs while using the mattress were proximately caused by that modification.

**Eighth Affirmative Defense**
**(Product Designed in Accordance with Existing State of Art)**

Some or all claims in the TAC are barred because at the time the mattress was designed, it was designed in accordance with the existing state of the art.

**Ninth Affirmative Defense**
**(Failure to Follow Instructions/Protections Supplied with Product)**

Some or all claims in the TAC are barred because any injuries or damages sustained by Plaintiffs while using the mattress were proximately caused by Plaintiffs' failure to follow instructions and protections supplied with the mattress to prevent removal of the cover.

24

**Tenth Affirmative Defense**
**(Assumption of Risk)**

Some or all claims in the TAC are barred in whole or in part by Plaintiffs' assumption of risk due to misuse or modification of the product, and failure to follow instructions or warnings in connection with the product.

**Eleventh Affirmative Defense**
**(Exclusion or Modification of Implied Warranty of Merchantability)**

Some or all claims in the TAC are barred because the implied warranty of merchantability was excluded or modified for sale of the applicable mattress.

**Twelfth Affirmative Defense**
**(Lack of Privity)**

Some or all claims in the TAC based on implied warranty are barred due to lack of contractual privity, for warranty purposes, with Defendant.

**Thirteenth Affirmative Defense**
**(Failure to Notify Defendant of Breach of Warranty)**

Some or all claims in the TAC are barred due to failure to notify Defendant of the alleged breach of warranty within a reasonable time after the breach was discovered or should have been discovered.

**Fourteenth Affirmative Defense**
**(Binding Arbitration)**

Some or all claims in the TAC are barred because they are subject to binding arbitration. Defendant expressly reserves the right to compel binding arbitration of some or all of the claims in the TAC.

**Fifteenth Affirmative Defense**
**(Statute of Limitations)**

Some or all claims in the TAC are barred by the applicable statutes of limitations.

**Sixteenth Affirmative Defense**
**(Laches)**

Some or all claims in the TAC are barred due to Plaintiffs' unreasonable delay in pursuing these claims.

**Seventeenth Affirmative Defense**
**(Res Judicata/Collateral Estoppel)**

Some or all claims in the TAC are barred by the doctrines of res judicata and collateral estoppel.

**Eighteenth Affirmative Defense**
**(Federal Preemption)**

Some or all claims in the TAC are preempted in whole or part by federal law under the Flammable Fabrics Act, 15 U.S.C. § 1191 *et seq*., and regulations of the U.S. Consumer Product Safety Commission thereunder.

**Nineteenth Affirmative Defense**
**(Failure to Preserve Evidence)**

Some or all claims in the TAC are barred or diminished due to Plaintiffs' failure to preserve evidence.

**Twentieth Affirmative Defense**
**(Lack of Causation or Superseding Cause)**

Some or all claims in the TAC are barred in whole or in part because Plaintiffs have not sustained any injury by reason of any act or omission of Zinus.  Plaintiffs' claims fail for a lack of causation and/or because they are due to a superseding cause.

**Twenty-First Affirmative Defense**
**(No Liability of Seller)**

Some or all claims in the TAC fail because they are brought against a seller of mattresses, not a manufacturer.

**Twenty-Second Affirmative Defense**
**(Waiver or Estoppel)**

Some or all claims in the TAC are barred in whole or in part by the doctrines of waiver,

estoppel, or other equitable defenses.

**Twenty-Third Affirmative Defense**
**(Lack of Standing)**

Some or all claims in the TAC are barred in whole or in part because Plaintiffs lack standing

to assert them.

**Twenty-Fourth Affirmative Defense**
**(Remoteness, Lack of Foreseeability)**

Some or all claims in the TAC are barred because they are too remote or unforeseeable.

**Twenty-Fifth Affirmative Defense**
**(Disclaimer)**

Some or all claims in the TAC fail because they have been disclaimed.

**Twenty-Sixth Affirmative Defense**
**(Limited Warranty)**

Some or all claims in the TAC fail because they have been displaced by a limited warranty.

**Twenty-Seventh Affirmative Defense**
**(Unclean Hands)**

Some or all claims in the TAC are barred by the doctrine of unclean hands.

**Twenty-Eighth Affirmative Defense**
**(Ratification, Agreement, Acquiescence, or Consent)**

Some or all claims in the TAC are barred in whole or in part because of ratification,

agreement, acquiescence, or consent.

**Twenty-Ninth Affirmative Defense**
**(Failure to Mitigate Damages)**

Some or all claims in the TAC are barred in whole or in part because Plaintiffs failed to

mitigate damages, if any.

**Thirtieth Affirmative Defense**
**(Bar on Double or Duplicative Recovery)**

Some or all claims in the TAC are barred in whole or in part to the extent that Plaintiffs

seek damages, restitution or other monetary relief that is duplicative.

**Thirty-First Affirmative Defense**
**(Compliance with Federal Statutes)**

Some or all claims in the TAC are barred in whole or in part because the actions and

statements of which they complain were taken and made in compliance with federal statutes.

**Thirty-Second Affirmative Defense**
**(Lack of Control)**

Some or all claims in the TAC are barred because the alleged defective condition of the

product did not exist when the product left Zinus's control.

**Thirty-Third Affirmative Defense**
**(Product Not Unreasonably Dangerous)**

Some or all claims in the TAC are barred because the product is not unreasonably

dangerous.

**Thirty-Fourth Affirmative Defense**
**(Failure to Provide Pre-Suit Notice)**

Some or all claims in the TAC are barred because they failed to provide pre-suit notice of

their claims.

**Thirty-Fifth Affirmative Defense**
**(Lack of Personal Jurisdiction)**

Some or all claims in the TAC fail because the Court lacks personal jurisdiction over Zinus

with respect to the claims of unnamed putative class members who are not residents of the State

of Illinois and whose claims have no connection to the State of Illinois.[3]

---

[3] Defendant acknowledges that this defense may be presently foreclosed by *Mussat v. IQVIA, Inc.*, 935 F.3d 441, 445-449 (7th Cir. 2020), and it is included here for preservation purposes.

## **PRAYER FOR RELIEF**

Defendant requests relief as follows:

     a.  That the Third Amended Complaint be dismissed with prejudice;

     b.  That Plaintiffs be denied any relief herein;

     c.  For costs of suit; and

     d.  For such other and further relief as the Court may deem just and appropriate.

Respectfully submitted:   August 1, 2022.    _____ */s/ Zachary S. Merkle* _____
Natalie J. Kussart (#6295170)
Zachary S. Merkle (#6322707)
SANDBERG PHOENIX &VON GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, Missouri 63101–1313
Telephone:  (314) 231–3332
Facsimile:  (314) 241–7604
nkussart@sandbergphoenix.com
zmerkle@sandbergphoenix.com

Robert J. Katerberg (*pro hac vice*)
Matthew Eisenstein (*pro hac vice*)
Douglas F. Curtis (*pro hac vice*)
James K. Lee (*pro hac vice*)
Andrew D. Bergman (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001–3743
Telephone:  (202) 942–5000
Facsimile:  (202) 942–5444
Robert.Katerberg@arnoldporter.com
Matthew.Eisenstein@arnoldporter.
Doug.Curtis@arnoldporter.com
James.Lee@arnoldporter.com
Andrew.Bergman@arnoldporter.com

*Counsel for Defendant Zinus, Inc.*

30

## CERTIFICATE OF SERVICE

Pursuant to Rule 7.1 of the Local Rules of the Southern District of Illinois, the undersigned

certifies that on August 1, 2022, the foregoing was properly filed and served via the ECF system

to the following counsel of record:

Christopher F. Cueto
James E. Radcliffe
LAW OFFICE OF CHRISTOPHER CUETO, P.C.
ccueto@cuetolaw.com
jradcliffe@cuetolaw.com

Lloyd M. Cueto
LAW OFFICE OF LLOYD M. CUETO, P.C.
cuetolm@cuetolaw.com

Gregory A. Cade
Kevin B. McKie
Gary Anderson
ENVIRONMENTAL LITIGATION GROUP, P.C.
2160 Highland Ave S.
Birmingham, AL 35205
GregC@elglaw.com
Kmckie@elglaw.com
Gary@elglaw.com

*Attorneys for Plaintiffs*

/s/ Zachary S. Merkle
