IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AMANDA CHANDLER, et al., on )
behalf of themselves and all others )
similarly situated, )
                           )
       Plaintiffs,            )     **Case No. 3:20-cv-265-DWD**
                           )
vs.                           )
                           )
ZINUS, INC.,              )

       Defendant.

## ORDER ADOPTING AND RESOLVING THE DISPUTES IN THE PARTIES' JOINT REPORT AND PROPOSED SCHEDULING AND DISCOVERY ORDER

**DUGAN, District Judge:**

Having reviewed the Joint Report and Proposed Scheduling and Discovery Order, pertaining to class certification discovery, the Court **ADOPTS** all provisions agreed to by the parties, including the agreed categories of class certification discovery and the dates associated with that discovery. Relating to the additional categories of class certification discovery, proposed by Plaintiffs and objected to by Defendant, the Court **FINDS**:

Plaintiffs' objections to the additional categories of class certification discovery, related to Defendant's knowledge of the defects described in Plaintiffs' Third Amended Class Action Complaint (Doc. 124), Defendant's non-privileged internal communications regarding fiberglass, Defendant's non-privileged internal communications regarding the health issues caused by fiberglass, and Defendant's non-privileged internal communications concerning this lawsuit, are **SUSTAINED**. The Court agrees with Defendant that Plaintiff, by raising these additional categories at this stage in the

litigation, adopts a generous reading of the Court's previous Memorandum and Order (Doc 123, pg. 25) for purposes of seeking merits-based discovery on the issue of Defendant's alleged liability in this case. The portion of that Memorandum and Order, as referenced by the parties, addressed a particular argument within the context of Defendant's Motion to Strike Class Action Allegations in the Second Amended Complaint (Doc. 80), but cannot otherwise be read to allow Plaintiff to bring the issue of Defendant's alleged liability beneath the umbrella of class certification discovery. Expanding the scope of discovery beyond what is necessary for class certification, at this stage, threatens to delay the case and burden the parties' valuable time and resources.

Plaintiff objects to the additional categories of class certification discovery, related to Defendant's compliance with federal regulations concerning flammability standards, Defendant's consideration of alternatives to fiberglass, Defendant's consideration of alternatives to the zipper mechanism on the outer cover, all complaints Defendant received concerning fiberglass, all Consumer Product Safety Commission Complaints received concerning fiberglass, and all refunds Defendant issued to customers for mattresses with fiberglass issues. The objections to these categories of class certification are **OVERRULED**. The Court believes that inquiry into Defendant's compliance with federal regulations concerning flammability standards, as well as fiberglass complaints and refunds, could dredge information that would serve to assist in defining the class or subclasses in this litigation. Further, inquiry into Defendant's consideration of alternatives to fiberglass, the fiberglass complaints and refunds, and Defendant's consideration of alternatives to the zipper mechanism on the outer cover could show said

2

alternatives would have applied differently to each class or subclass, thereby assisting in class definition. The categories related to fiberglass complaints and refunds, similar to certain categories already agreed to by the parties, may also identify class or subclass members and reveal the experiences, effects, nature and degree of personal injuries, and property damage felt due to alleged releases of fiberglass. In sum, the Court finds the additional categories of class certification discovery named in this paragraph could, among other things, help to define more succinctly the class or subclasses, reveal varying claims or defenses related to fiberglass and the outer cover, and identify details about class or subclass members and the effects felt from the alleged releases of fiberglass. The additional categories, by extension, could serve to identify common versus individualized issues of fact, elements of claims or defenses, types of evidence, arguments, and forms of relief between the members of the class or subclasses.

**IT IS SO ORDERED.**

Dated: August 23, 2022

_____
DAVID W. DUGAN
United States District Judge

3