IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMANDA CHANDLER, et al., on behalf of themselves and all those similarly situated,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ZINUS, INC.,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)　Case No. 3:20-cv-265-DWD<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Defendant's Consent Motion for a Stipulated Protective Order ("Motion") (Doc. 133) and Supplement to that Motion (Doc. 143) under Federal Rule of Civil Procedure 26(c). *See* Fed. R. Civ. P. 26(c). Defendant also submits a Proposed Stipulated Protective Order. For the reasons explained below, the Court **GRANTS** the Motion and **ADOPTS** the Proposed Stipulated Protective Order attached at Doc. 144-1.

Defendant filed the Motion on August 31, 2022, stating Plaintiffs requested documents and information that Defendant believed were "confidential, includ[ing] trade secrets[] and/or…the private inner workings of their business practices." (Doc. 133, pg. 1). Defendant agreed to produce documents and information under a Proposed Stipulated Protective Order submitted to the Court. For these reasons alone, Defendant asked that the Court enter the Proposed Stipulated Protective Order. (Doc. 133, pg. 1).

On September 8, 2022, the Court directed Defendant to supplement the Motion and Proposed Stipulated Protective Order, as necessary, "to allow the Court to determine

whether good cause exists under Federal Rule of Civil Procedure 26(c)(1)(G) and the Seventh Circuit case law that governs stipulated protective orders in this context." *See* Fed. R. Civ. P. 26(c); (Doc. 142). For reference, the Court cited its recent Memorandum & Order in *Elder v. Bimbo Bakeries USA, Inc.*, No. 21-637, 2022 WL 3443766 (S.D. Ill. August 17, 2022), which addressed a similar issue. (Doc. 142).

Now, Defendant's Supplement to the Motion states the Proposed Stipulated Protective Order is necessary for five reasons. First, Defendant submits that the Proposed Stipulated Protective Order only extends to trade secrets and other confidential or proprietary financial, research, development, manufacturing, commercial, or business information that is not in the public domain. (Doc. 143, pg. 3). Defendant notes that the Proposed Stipulated Protective Order incorporates a definition of "trade secret" into the definition of information that may be designated "confidential." (Doc. 143, pg. 3). Further, Defendant states the other types of confidential business information covered by the Proposed Stipulated Protective Order are drawn from Rule 26 itself. (Doc. 143, pg. 4).

Second, Defendant states the parties are acting in good faith, as required by the Proposed Stipulated Protective Order, to decide what nonpublic materials constitute protectable trade secrets or confidential commercial information. (Doc. 143, pg. 4). Defendant assures the Court that, having considered the types of materials warranting protection, it intends to apply confidentiality designations to only legitimately confidential documents. (Doc. 143, pg. 4). As an example of its good faith, Defendant notes that it has already provided a substantial amount of information to Plaintiffs without the necessity of a confidentiality designation. (Doc. 143, pg. 4).

Third, Defendant states the Proposed Stipulated Protective Order expressly allows either party, or a member of the public, to challenge the secreting of documents. (Doc. 143, pgs. 4-5). Following such a challenge, the party asserting confidentiality has the burden of demonstrating the propriety of secreting the information. (Doc. 143, pg. 5).

Fourth, Defendant submits that the Proposed Stipulated Protective Order is necessary to prevent harm to its business. (Doc. 143, pg. 5). As support, Defendant states it sells mattresses and bedding products in a competitive marketplace, where the design manufacturing processes, retail and distribution arrangements, and other strategic considerations are carefully tailored to deliver quality products to consumers at affordable prices. (Doc. 143, pg. 5). Related documents and information are kept secret and not publicly disclosed in order to prevent competitors from obtaining an unfair advantage in their production and sale of competing products. (Doc. 143, pg. 5). According to Defendant, its profit margins for many products are small, such that a slight disadvantage would threaten the feasibility of those productions. (Doc. 143, pgs. 5-6).

Fifth, Defendant states the Proposed Stipulated Protective Order is supported by a legitimate need to produce trade secrets and confidential information. (Doc. 143, pg. 6). Defendant argues, with respect to class-certification discovery, the Court has found certain categories of such information to be pertinent. (Docs. 143, pgs. 6-7; 132).

In further support of the Motion and Supplement, Defendant submits the affidavit of Jae Hyung Shim, who is the representative director of Zinus, Inc., and co-CEO of Zinus Group. (Doc. 143-1, pg. 2). Shim seeks to "provide the Court with a more detailed understanding of the types of confidential and trade secret information that Zinus

3

anticipates needing to produce in this case in order to respond to discovery." (Doc. 143-1, pg. 2). That information includes internal documents and information relating to the design, manufacture, marketing, sales, and other strategic commercial inputs for products sold by Zinus. (Doc. 143-1, pg. 3). As specific examples of such information, Shim names the following: sources and suppliers of materials and component parts; mattress manufacturing sites and the relevant products produced at those sites; contracts between Defendant and retailers; "information reflecting the construction of mattress products [Defendant] has sold and continues to sell; instructions for manufacturing those products; and details regarding component parts of those products." (Doc. 143-1, pgs. 4-5). Shim states this information is essential to Defendant's business in a competitive marketplace, such that the public disclosure of this information would enable competitors to gain an unfair advantage in the production and sale of competing products. (Doc. 143-1, pg. 3). Shim emphasizes, for many products, profit margins are small. (Doc. 143-1, pg. 3). Slight changes in cost and pricing models, stemming from the disclosure of confidential and trade secret information to competitors, would threaten the economic feasibility of Defendant's products or product lines. (Doc. 143-1, pg. 4).

In light of the detailed reasoning described above, the Court **FINDS** Defendant has satisfied Rule 26(c)(1)(G) and the other authorities cited in *Elder*. *See* Fed. R. Civ. P. 26(c)(1)(G); *Elder*, 21-637, 2022 WL 3443766, at *2-3. The Supplement demonstrates good cause for the Proposed Stipulated Protective Order under Rule 26(c)(1)(G) by showing certain disclosures would work a clearly defined and very serious injury to Defendant's business. *See Harrisonville Tel. Co. v. Illinois Commerce Comm'n*, 472 F. Supp. 2d 1071, 1078

(S.D. Ill. 2006) (citing *Culinary Foods, Inc. v. Raychem Corp.*, 151 F.R.D. 297, 300 n. 1 (N.D. Ill. 1993); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)). As support for this showing, the Supplement and Shim's affidavit cite specific examples of articulated reasoning and make particular demonstrations of fact, as necessary under Rule 26(c)(1)(G). *See id.* (citing *Culinary Foods*, 151 F.R.D. at 300 n. 1; quoting 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure* § 2035 (3d ed. 1998 & Supp. 2006)). Further, the Proposed Stipulated Protective Order extends to " 'properly demarcated categor[ies] of legitimately confidential [business] information' " and defines a trade secret to guide the parties. *See E.E.O.C. v. Synergy Health Inc.*, 265 F.R.D. 403, 404 (E.D. Wisc. 2009) (quoting *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944-45 (7th Cir. 1999)); *see also Hamilton v. State Farm Mut. Auto. Ins. Co.*, 204 F.R.D. 420, 422 (S.D. Ind. 2001) (quoting *Andrew Corp. v. Rossi*, 180 F.R.D. 338, 340 (N.D. Ill. 1998)). Importantly, the Proposed Stipulated Protective Order also allows nonparty members of the public to challenge confidentiality designations, which balances the public interest in traditionally public information and the potential need to file information under seal. *See Citizens First Nat'l Bank of Princeton*, 178 F.3d at 944-46; *Synergy Health Inc.*, 265 F.R.D. at 404; *Bond v. Utreras*, 585 F.3d 1061, 1073-75 (7th Cir. 2009).

Accordingly, the Court **GRANTS** the Motion and **ADOPTS** the Proposed Stipulated Protective Order attached at Doc. 144-1.

**SO ORDERED.**
Dated: September 23, 2022

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge